IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANDREW CORNELIUS WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-010 |
| | ) (Formerly CR 112-119 & CR 112-217) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 11). Petitioner does not offer any new information, evidence, or argument that warrants deviating from the Magistrate Judge's recommendation. Thus, the Court **OVERRULES** the objections.[1] Accordingly, the Court **ADOPTS** the Report and Recommendation of

---

[1] The Court likewise **OVERRULES** Petitioner's objection to the Magistrate Judge's denial of his request for appointment of counsel in the July 14 Order (doc. no. 8) entered along with the Report and Recommendation. (Doc. no. 11, pp. 4-5.) When reviewing a Magistrate Judge's Order on a nondispositive matter, a district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); Traylor v. Howard, 433 F. App'x 835, 835-36 104 (11th Cir. 2011) (*per curiam*). As the Magistrate Judge correctly explained, there is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Rather, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*). In light of the Magistrate Judge's thorough analysis and recommendation that the § 2255 motion be dismissed, a recommendation which is adopted herein as the opinion of the Court, there are no exceptional circumstances warranting the requested appointment.

the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss (doc. no. 4), and **DISMISSES** this case without an evidentiary hearing on Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 6th day of August, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.